UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

<u>Addendum</u>

<u>Mary Ann Jagger v. Mohawk Mountain Ski, Inc., and James Courtot</u>
Case No.  3:01CV2163(RNC)

**1.  Pursuant to the pretrial schedule that has been established for this case, the case should be ready for trial by October 2005.  Counsel should inform their clients that the court intends to try the case at that time or as soon thereafter as possible.**

2.  The pretrial schedule reflects the parties' case management plan and is intended to provide sufficient time to enable the parties to properly prepare the case for resolution by trial or settlement.  No deadline set forth in the pretrial schedule will be extended or stayed except by order of the court. **Motions for extension of time pursuant to Fed. R. Civ. P. 6(b) and Local Civil Rule 7(b) will not be granted except for good cause. Any such motion must be filed in writing at least five days before the deadline in question.**

**3.  Before a party files a motion to dismiss, motion for summary judgment or motion for partial summary judgment, a prefiling conference will be held.**  A party wishing to file such a motion will submit a letter to chambers requesting a conference no later than 45 days before the discovery deadline.  No such request will be granted unless the attorney making the request has

conferred with other counsel beforehand. At the prefiling conference, consideration will be given to the timing and appropriateness of the motion, formulation and simplification of the issues encompassed by the motion, avoidance of unnecessary motion practice and other matters that might facilitate the just, speedy and inexpensive determination of the action. The conference may be conducted by telephone.

**4.** On or before **September 1, 2005,** the parties will jointly prepare and file for approval by the Court a joint trial memorandum. Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case. The memorandum will be in the form prescribed by the District Court's Standing Order Regarding Trial Memoranda in Civil Cases (see Local Rules of Civil Procedure), and must be certified that it is a joint product of consultation between the lawyers trying the case, with the following modifications:

a. **Witnesses**: Set forth the name and address of each witness to be called at trial. Provide a brief summary of the anticipated testimony of each witness and an estimate of the probable duration of his or her testimony (e.g. less than one hour, two to three hours, one full day). For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection

must be stated in this section of the joint memorandum so that it can be addressed prior to trial.

   b.   **Exhibits**:   The parties will prepare the list of exhibits required by the Standing Order.   The list must specifically identify each exhibit by providing a brief description of the exhibit.   The exhibits will be listed in numerical order starting with Plaintiff's Exhibit 1 and Defendant's Exhibit 1.   If a party has an objection with regard to a designated exhibit, the objection must be stated in this section of the joint memorandum or it will be waived.   Each party will prepare an original set of exhibits, plus a duplicate copy for the Court and every other party, marked with exhibit tags provided by the Clerk.   The duplicate sets of exhibits must be submitted to the Court not later than the day before the final pretrial conference.   Counsel will retain the original set of exhibits for use at trial.

   c.   **Jury Instructions**:   In jury cases, the parties will meet and confer for the purpose of preparing and filing tailored jury instructions on the elements of the parties' claims and defenses.   The proposed instructions will be submitted as an attachment to the joint trial memorandum.   If the parties cannot agree as to the appropriateness of a particular instruction, each party must submit a proposed instruction supported by a brief explanation of its position, including citation to applicable authority.

   d.   **Anticipated Evidentiary Problems**:   The parties will

attach motions in limine with memoranda of law concerning any anticipated evidentiary problems.

       e. **Verdict Form**: In jury cases the parties will submit as an exhibit to the joint trial memorandum a proposed verdict form suitable for submission to a jury. The form may require the jury to return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Fed. R. Civ. P. 49(b). If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for the objection and provide an alternative proposal.