JAN 1   2005

FILED   JAN 1 / 2005

2005 JAN 18  A 10: 15

U.S. DISTRICT COURT
HARTFORD, CT.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARY ANN JAGGER | : | CIVIL ACTION |
| | : | NO. 3:01CV2163 (RNC) |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| MOHAWK MOUNTAIN SKI AREA, INC. | : | |
| AND JAMES COURTOT | : | JANUARY 17, 2005 |

### JOINT STATUS REPORT OF COUNSEL

Pursuant to Fed. R. Civ. Proc. Rule 16(c), the parties submit the following Joint Status

Report of Counsel:

(1)    The formulation and simplification of the issues, including the elimination of frivolous claims or defenses:

**The issues in this case include liability and damages, as follows:**

**Whether, on December 4, 1999, the defendant, James Courtot collided with the plaintiff while they were skiing on the Arrowhead Trail at Mohawk Mountain;**

**Whether the collision between the plaintiff and defendant was due to the negligence and carelessness of the defendants;**

**Whether the defendant James Courtot owed a duty of care to the plaintiff as collisions between skiers is an inherent risk of the sport;**

**Whether the defendant James Courtot was acting in the course and scope of his employment with the defendant Mohawk Mountain at the time of the collision;**

**Whether the plaintiff waived her right to sue the defendants by purchasing a lift ticket;**

**Whether the plaintiff's negligence and carelessness was the cause of her injuries.**

(2)    The necessity or desirability of amendments to the pleadings:

**The parties agree that the pleadings do not need to be amended at this time.**

(3)    The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence:

**The parties stipulate as to the following facts:**

**The plaintiff is a citizen of the State of New York.**

**The defendant, Mohawk Mountain Ski Area, Inc., is incorporated under the laws of the State of Connecticut, has a principal place of business in the State of Connecticut and operates a ski area.**

**The defendant, James Courtot, is a citizen of the State of Hawaii.**

**The plaintiff was skiing on the Arrowhead Trail on December 4, 1999.**

**Mr. Courtot was also skiing on the Arrowhead Trail on December 4, 1999.**

**The plaintiff has sustained physical injuries as a result of the incident described in the Complaint.**

**As for admissions of fact documents to avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence, the parties agree that they have no stipulations or require advance rulings at this time.**

(4)     The avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence:

**The parties agree that they have no submissions for the court in this regard at this time.**

(5)     The appropriateness and timing of summary adjudication under Rule 56:

**The parties agree that such motion, if a party elects to file one, shall be filed by July 1, 2005.**

(6)     The control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to Rule 26 and Rules 27 through 37:

**The parties agree that a joint scheduling order was drafted previously, and subsequently adopted by the Court.**

(7)     The identification of witnesses and documents, the need and schedule for filing and exchanging pretrial briefs, and the date or dates for further conferences and for trial:

**The parties agree that the following may be called as witnesses at trial:**

**Mary Ann Jagger, James Courtot, Palmer Marrin-Kleeman, Michael Vigeant, Peter Audet, Ward Gill, William E. Ellison, Josie Whitney, Robert Jagger, Armand Marchand, Steve Hedden, Carol S. Lugar, Helge Lien, and Dr. Evan Rashkoff. The parties reserve the right to supplement this list if additional witnesses are identified through discovery.**

**As for the need and schedule for filing and exchanging pretrial briefs, and the date or dates for further conferences and for trial, the parties agree that they have no requests in this regard at this time.**

(8)     The advisability of referring matters to a magistrate judge or master;

**The parties agree to a settlement conference before a magistrate judge.**

(9)     Settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule;

**The parties agree to a settlement conference in July 2005.**

(10)    The form and substance of the pretrial order;

**The parties agree that they do not request a pretrial at this time.**

(11)    The disposition of pending motions;

**The parties agree that there are no motions pending at this time.**

(12)    The need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems:

**The parties agree that no special procedures need to be adopted at this time.**

(13)    An order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case:

**The parties agree that they do not request an order at this time.**

(14)    An order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a

judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c):

**The parties agree that they do not request an order at this time.**

(15)    An order establishing a reasonable limit on the time allowed for presenting evidence:

**The parties agree that they do not request an order at this time.**

(16)    Such other matters as may facilitate the just, speedy, and inexpensive disposition of the action:

**The parties agree that there are no additional matters to be addressed at this time.**

Plaintiff:

By _____    Date _1/17/05_

    Marie C. Roccapriore
    Regnier, Taylor, Curran & Eddy
    Cityplace, 28th Floor
    185 Asylum Street
    Hartford, CT  06103
    (860) 249-9121
    (860) 527-4343 (FAX)
    ct19545

Defendants:

By _____    Date _1/17/05_

    Philip T. Newbury, Jr.
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114-1190
    (860) 249-1361
    (860) 249-7665 (FAX)
    ct05283