UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARY ANN JAGGER | : | CIVIL ACTION |
| | : | NO. 3:01CV2163 (RNC) |
| VS. | : | |
| MOHAWK MOUNTAIN SKI AREA, INC. AND JAMES COURTOT | : | AUGUST 30, 2005 |

SECOND SUPPLEMENTAL FORM 26(F)
REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. R. 16(B), 26(F) and D. Conn. L. Civ. R. 38, a conference was held on August 30, 2005. The participants were:

Jack D. Miller, for the plaintiff, Mary Ann Jagger

Phillip T. Newbury, Jr., for the defendants, Mohawk Mountain Ski School, LLC, and James Courtot.

I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following supplemental proposed

case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.     JURISDICTION

Pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1391.  The plaintiff is a citizen of the State of New York.  Defendant Mohawk Mountain Ski School, LLC, was a Connecticut Limited Liability Company, and the defendant James Courtot is a citizen of the State of Hawaii.

III.    BRIEF DESCRIPTION OF CASE

A.     Claims of Plaintiff:

Plaintiff Mary Ann Jagger claims that on December 4, 1999 she was skiing down the Arrowhead Trail of the defendant Mohawk Mountain Ski Area.  She claims that as she was skiing, the defendant James Courtot collided with her from behind her.  The plaintiff claims that the collision was due to the negligence and carelessness of the defendant James Courtot and also the defendant Mohawk Mountain Ski School, LLC.  The plaintiff claims that the defendant James Courtot was acting in the course and scope of his employment at the time of the collision and that he was an employee of the defendant Mohawk Mountain Ski School, LLC.  As a result of the collision the plaintiff has sustained personal injuries, incurred medical expenses and may in the future incur further medical expenses for future surgical procedures.

     B.    Defenses and Claims of Defendants:

The defendants, Mohawk Mountain Ski School, LLC, and James Courtot, owed no duty of care to the plaintiff because a collision with another skier is one of the inherent risks of the sport. In addition, the defendants deny that Mr. Courtot struck the plaintiff from behind. Finally, the defendants assert that the negligence and carelessness of the plaintiff was the cause of her injuries.

     C.    Defenses and Claims of Third-Party Defendants:

Not applicable.

IV.    STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether are any materials that are not in dispute. The parties state that the following material facts are undisputed:

1. The plaintiff is a citizen of the State of New York.

2. The defendant, Mohawk Mountain Ski School, LLC, was a Connecticut Limited Liability Company, and operated the Learning Center at Mohawk Mountain Ski Area in Cornwall, Connecticut.

3. The defendant, James Courtot, is a citizen of the State of Hawaii.

4. The plaintiff was skiing on the Arrowhead Trail on December 4, 1999.

5. Mr. Courtot was also skiing on the Arrowhead Trail on December 4, 1999.

      6.      The plaintiff has sustained physical injuries as a result of the incident described in the Complaint.

V.      CASE MANAGEMENT PLAN

      A.      Standing Order on Scheduling in Civil Cases:

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

      B.      Scheduling Conference with the Court:

The parties do not request a pretrial conference with the court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If necessary, the parties prefer a conference by telephone.

      C.      Early Settlement Conference:

      1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

      2.      The parties do not request an early settlement conference.

      3.      The parties prefer a settlement conference with a magistrate judge.

      4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

      D.      Joinder of Parties and Amendment of Pleadings

Completed.

E.  Discovery:

1.  The parties anticipate that discovery will be needed on the following subjects:

The facts of the occurrence and the nature and extent of the plaintiff's injuries.

2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by January 31, 2006.

3.  Discovery will not be conducted in phases.

4.  The parties anticipate that the plaintiff will require a total of five additional depositions of fact witnesses and that the defendants will require a total of three additional depositions of fact witnesses.  The depositions will be completed by January 31, 2006.

5.  Plaintiff intends to call expert witnesses at trial.  Plaintiff will designate any additional trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(A)(2) by October 31, 2005. Depositions of any such experts will be completed by January 31, 2006.

6.  Defendants intend to call expert witnesses at trial.  Defendants will designate any additional trial experts and provide opposing counsel with reports

from retained experts pursuant to Fed. R. Civ. P. 26(A)(2) by November 30, 2005. Depositions of such experts will be completed by January 31, 2006.

      7.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 31, 2005.

    F.    Dispositive Motions:

Not applicable.

    G.    Joint Trial Memorandum:

The joint trial memorandum required by the Standing Order on trial memoranda in civil cases will be filed by March 1, 2006.

VI.    TRIAL READINESS

The case will be deemed ready for trial by April 1, 2006.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFF | DEFENDANTS, |
| MARY ANN JAGGER | MOHAWK MOUNTAIN SKI SCHOOL, LLC AND JAMES COURTOT |

By /s/ Jack D. Miller
   Jack D. Miller
   ct05300
   Regnier, Taylor, Curran & Eddy
   CityPlace I, 28th Floor
   Hartford, CT  06103
   (860) 249-9121
   (860) 527-4343 (FAX)
   jmiller@rtcelaw.com

By /s/ Philip T. Newbury, Jr.
   Philip T. Newbury, Jr.
   ct05283
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-1190
   (860) 249-1361
   (860) 249-7665 (FAX)
   pnewbury@hl-law.com